UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOWELL GENERAL HOSPITAL,<br><br>                Plaintiff,<br><br>v.<br><br>OPTUMRX, INC.,<br><br>                Defendant. | Case No. 1:19-CV-11795-GAO |

### ELECTRONIC DISCOVERY PLAN

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Lowell General Hospital ("Plaintiff") and Defendant OptumRx, Inc. ("Defendant") (collectively "Parties" and individually a "Party"), have conferred and hereby agree to the following protocol for electronic discovery, and the Court hereby ORDERS the establishment of the following protocol for electronic discovery:

A. **Types of Electronically Stored Information to Be Produced.** Electronically Stored Information ("ESI") shall be defined as information that is generated, received, processed and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external or removable media, and other electronic devices and sources.

The Parties agree that their obligation to preserve and/or collect ESI in response to discovery requests is governed by the Federal Rules of Civil Procedure ("Rules of Civil Procedure") and applicable case law. The Parties agree that they will undertake good faith, reasonably diligent efforts to preserve relevant ESI that is otherwise discoverable under the Rules of Civil Procedure. This Protocol does not define the scope of relevance of any particular information. Nothing in this Protocol establishes any agreement as to the proper subject matter of this litigation.

The Parties agree that nonresponsive attachments or "children" documents to responsive emails or "parent" documents will be produced, except that: (1) personal health information and personally identifiable information associated with individuals other than AB (as defined in the Amended Complaint) may be redacted; (2) rates, fees, and prices associated with third parties, where that information is unrelated to the substance of this dispute, may be redacted; and (3) any document containing highly confidential or otherwise sensitive business information may be designed as Highly Confidential Material pursuant to Paragraph 8(b) of the Confidentiality Agreement and Stipulated Protective Order entered by the Court at ECF Docket No. 49. The Parties further agree that nonresponsive emails will be produced if a responsive attachment is produced, except that the foregoing

categories of information in the email may be redacted or designated Highly Confidential Material.

B. **Deleted Files.**  The Parties shall not be obligated under this Protocol to preserve or produce deleted ESI lost as a result of the routine, good-faith operation of an ESI preservation system prior to the date on which the duty to preserve ESI arose.

C. **Production of ESI.**  To help contain costs and reduce the volume of ESI that may not be relevant to this matter, the Parties agree to the use of reasonable search terms, custodians, and date ranges as a means to identify likely relevant ESI for review and production. The fact that a document may have been retrieved by application of search terms shall not prevent any Party from withholding from production such document for lack of responsiveness, privilege, or other permissible objection. On or before the twenty-fifth day after the filing of this Electronic Discovery Plan, the parties will meet and confer in good faith in an effort to agree upon search terms, date ranges and custodians.

Notwithstanding the foregoing, to the extent that a Party identifies responsive ESI not hit upon by the search terms agreed upon by the parties, all such non-privileged documents must be produced, subject to the Parties' objections to discovery requests.

Following agreement on custodians, search terms and date ranges, each party reserves the right to ask the other party to add both additional custodians, additional search terms, and/or other time periods, including based on information learned from discovery responses or that otherwise becomes available during the course of discovery, subject to the rules governing discovery.

D. **Production of ESI.**  With the exception of the files listed in Paragraph E and other document types for which Tag Image File Format ("TIFF") is not appropriate, documents shall be produced as TIFF images with associated metadata fields, including the following metadata fields:

| Field | Field Description for Electronic Documents | Field Description for Emails |
|---|---|---|
| BEGBATES (DPF) | First Bates identifier of item | First Bates identifier of item |
| ENDBATES (DPF) | Last Bates identifier of item | Last Bates identifier of item |
| BEGATTACH (DPF) | Starting Bates number of a document family | Starting Bates number of a document family |
| ENDATTACH (DPF) | Ending Bates number of a document family | Ending Bates number of a document family |
| PAGECOUNT (DPF) | Number of pages | Number of pages |
| AUTHOR | Document author from Metadata | n/a |
| CUSTODIAN | Custodian(s) of the document | n/a |

| Field | Field Description for Electronic Documents | Field Description for Emails |
|---|---|---|
| CONFIDENTIALITY | Confidentiality designation | Confidentiality designation |
| AUTHOR | Document author from Metadata | n/a |
| FROM | n/a | Sender of message or calendar invite |
| TO | n/a | Recipient of message or calendar invite |
| CC | n/a | Copied recipients of message or calendar invite |
| BCC | n/a | Blind copied recipients of message or calendar invite |
| SUBJECT | n/a | Subject of message or calendar invite |
| TITLE | Title from a document's properties | n/a |
| DATECREATED | Date file was created | |
| DATEMODIFIED | Date file was last modified | |
| SENTDATE | n/a | The sent date of the message in the format MM/DD/YYYY |
| SENTTIME | n/a | The sent time of the message in the format HH:mm:ss |
| RECEIVEDDATE | | The received date of the message in the format MM/DD/YYYY |
| RECEIVEDTIME | | The received time of the message in the format HH:mm:ss |
| FILENAME | Contents of this metadata field, or an equivalent | Contents of this metadata field, or an equivalent |
| FILEEXTEN | File extension | File extension |
| FILESIZE | Size of the file in bytes | Size of the file in bytes |
| HASH | MD5 or SHA1 hash of the document | MD5 or SHA1 hash of the email |
| ITEMTYPE | Identifies whether the file is an email, attachment, or stand-alone efile. | Identifies whether the file is an email, attachment, or stand-alone efile. |
| NATIVELINK (DPF) | Link to native file (if any) | Link to native file (if any) |
| TEXTLINK (DPF) | Link to text file for the document | Link to text file for the email |

The Parties shall also produce document level .txt files containing extracted full text from the documents or OCR text if extracted text is not available or if the document has been redacted. All TIFF images shall be branded with a unique Bates number and confidentiality designation (if any).

E. **Production of Native Format ESI.** Responsive spreadsheets (e.g., Excel, Lotus, etc.), presentations (e.g., PowerPoint, Keynote, etc.), Microsoft Access and other personal (non-enterprise) database files, or multi-media file (e.g., .wav, .mp3, .aiff, .gif, etc.) shall be produced in native format. In instances where such files require redaction, the Parties may redact a TIFF image of the native file. For each document withheld in its entirety on privilege grounds that is part of a family where other family members are being produced, a single-page Bates-Stamped TIFF placeholder contained the text "PRIVILEGED DOCUMENT WITHHELD" shall be produced.

F. **Production Timeline.** The Parties shall produce responsive, relevant, non-privileged documents on a rolling basis beginning on or before the sixtieth day after the filing of this Electronic Discovery Plan. The Parties shall agree to use best efforts to avoid production of duplicate ESI (including use of MD5 or SHA-1 hash values); however, the Parties shall not be required to conduct manual de-duplication. The Parties can leverage industry standard email threading technologies and only produce the most inclusive email thread. The Parties may request production of additional emails comprising lesser inclusive threads or individual emails if necessary.

G. **Privilege Log.** Documents withheld from production that a Party contends are covered by an attorney-client privilege, common interest or joint defense protection, and/or work product protection should be logged on a privilege log on a document-by-document basis. The following information shall be provided (when applicable) in the privilege log for each document: (1) unique document identification number; (2) document type; (3) date; (4) author; (5) recipient(s); (6) cc and bcc; (7) privilege or protection claimed; and (8) a description of the document and its subject matter sufficient to explain the basis for the claim(s) of privilege. Parties' privilege logs must be transmitted within thirty (30) days of the conclusion of its final production.

The parties agree that internal documents to, from, or copying the following in-house and outside counsel do not need to be included on the privilege log:

- Jeffrey Weinstein, Esq.
- Zachary Redmond, Esq.
- David A. Wollin, Esq.
- James L. Tuxbury, Esq.
- John Keefe, Esq.
- Kyle M. Thomas, Esq.
- Jennifer D. Molinar, Esq.
- Christopher G. Karagheuzoff, Esq.
- Anthony P. Badaracco, Esq.

Additional names of attorneys may be added to the foregoing list.  In the event a Party produces a privileged document whether inadvertent or otherwise, such production shall not constitute a waiver of the privilege.  Upon notification by the producing Party or discovery by the receiving Party, such privileged documents shall be segregated and destroyed within 5 business days, subject to the receiving Party's right to seek court intervention under Rule 26 of the Federal Rules of Civil Procedure.

| Plaintiff LOWELL GENERAL HOSPITAL | Defendant OPTUMRX, INC. |
|---|---|
| By its attorneys, | By its attorneys, |
| */s/ David A. Wollin* | */s/ Robert G. Manson* |
| David A. Wollin (BBO #600487) | Robert G. Manson, Esq. |
| James L. Tuxbury (BBO #624916) | Law Office of Robert G. Manson |
| Sara J. Stankus (BBO #600487) | 398 Brigham Street |
| Hinckley, Allen & Snyder LLP | Marlborough, MA  01752 |
| 100 Westminster Street, Suite 1500 | T:  (508) 274-8360 |
| Providence, RI  02903 | E-mail:  bobmanson@comcast.net |
| T: (401) 274-2000 | |
| F: (401) 277-9600 | */s/ Christopher G. Karagheuzoff* |
| E-mail:  dwollin@hinckleyallen.com | Christopher G. Karagheuzoff (*pro hac vice*) |
|           jtuxbury@hinckleyallen.com | Anthony P. Badaracco (*pro hac vice*) |
|           sstankus@hinckleyallen.com | Dorsey & Whitney LLP |
| | 51 West 52nd Street |
| | New York, NY  10019 |
| | T:  (212) 415-9200 |
| | E-mail:  karagheuzoff.christopher@dorsey.com |
| | badaracco.anthony@dorsey.com |

Dated:  July 24, 2020

Dated:  08/03/2020     **SO ORDERED:**

/s/ George A. O'Toole, Jr.
Hon. George A. O'Toole
United States District Judge

## CERTIFICATE OF SERVICE

      I hereby certify that on July 24, 2020, I caused to be served a true copy of the foregoing document via electronic mail and first class mail, postage pre-paid, upon all counsel of record as follows:

| | |
|---|---|
| Robert G. Manson, Esq. | Christopher G. Karagheuzoff (*pro hac vice*) |
| Law Office of Robert G. Manson | Dorsey & Whitney LLP |
| 398 Brigham Street | 51 West 52nd Street |
| Marlborough, MA  01752 | New York, NY  10019 |
| T:  (508) 274-8360 | T:  (212) 415-9200 |
| bobmanson@comcast.net | karagheuzoff.christopher@dorsey.com |

                                       */s/ David A. Wollin*

#60005976