UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOWELL GENERAL HOSPITAL,

        Plaintiff,

        v.

OPTUMRX, INC.

        Defendant.

No. 1:19-cv-11795-LTS

### ORDER ON THE PENDING MOTIONS

CABELL, U.S.M.J.

Presently pending before the court are a number of discovery-related motions. Now, after consideration of the parties' submissions, arguments, and information adduced at a hearing held on October 7, 2021, and for the reasons either stated or suggested during the hearing, the court rules as follows:

**I.   Lowell General Hospital's Motion to Compel Against Defendant OptumRx, Inc. (D. 155)**

The plaintiff's motion is <u>allowed</u> with respect to Request Nos. 19 and 21 of LGH's first set of requests for production of documents, and Request Nos. 7 and 8 of LGH's second set of requests for production of documents, to the extent the requests seek information relating to the defendant's processing of claims relating to HAE and/or hereditary angioedema. The requested information, at a minimum, bears on the plaintiff's

claim for breach of the implied covenant of good faith and fair dealing.

**II. Optum's Motion to Compel Production of Documents (D. 164)**

Previously, the court declined to compel the production of any otherwise responsive discovery that post-dated May 31, 2019. This was based on the court's understanding, as argued by the plaintiff, that the parties had agreed for discovery purposes to limit the time period for discovery requests to January 1, 2017 to May 31, 2019.  The court has now been persuaded that no such formal understanding was reached.  The court has further been persuaded that relevant information outside of that date range does exist, and that the parties, including the plaintiff, have in fact previously sought discovery outside of that time period. The plaintiff argues that it has only previously sought non-documentary discovery outside of this time period, but the court does not find the distinction to be meaningful in this context.

Consequently, the defendant's motion to compel responsive information that may post-date May 31 is <u>allowed</u>; the plaintiff shall produce any non-privileged, responsive documents that were withheld from disclosure because they post-dated May 31, 2019.

**III. Optum's Notice of Motion for Reconsideration (D. 159)**

In light of the court's changed position regarding the relevant time period for discovery purposes, the defendant's

2

motion for reconsideration of this court's order seeking information from Caremark (D. 145) is <u>allowed</u> as follows.

Caremark shall produce any non-privileged, responsive documents it previously withheld from disclosure because they post-dated May 31, 2019.

With respect to the redacted version of the October 2018 agreement between Wellforce and Caremark that it previously provided to Optum, Caremark is ordered to review the version it provided in light of the defendant's concerns that the version produced has been overly redacted.  Within 7 days of the date of this Order, Caremark shall either produce a new version that contains more-focused revisions consistent with the parameters this court previously identified or affirm to the defendant that it continues to believe that the version it produced was appropriately redacted.  In the event the court, which has not yet had occasion to assess the appropriateness *vel non* of the redactions, is subsequently persuaded that Caremark has overly redacted the agreement, the court will strongly consider ordering that the entire October 2018 agreement be produced in unredacted form pursuant to the protective order in this case.

Finally, to the extent Caremark has disputed whether it may be compelled to sit for a deposition, that matter was not directly raised and argued in court.  But to the extent it is

instructive, the court is not aware of any basis to categorically refuse to sit for a deposition, and presumes that Caremark will act in accordance with the pertinent rules of civil procedure should the defendant press this portion of the subpoena.

IV. **Optum's Notice of Motion to Compel Production of Documents (D. 130)**

To the extent any portion of this motion remained unresolved, it has in the court's view now been fully addressed by the court's resolution of the defendant's motion for reconsideration of its motion with respect to Caremark.  The motion is therefore deemed moot.


*So Ordered.*                              /s/ Donald L. Cabell
                                           DONALD L. CABELL, U.S.M.J.

DATED: October 13, 2021